Rockingham, }
Jan. 26, 1925. }

### PETER PANTEBAKOS v. ROCKINGHAM COUNTY LIGHT & POWER COMPANY.

A public service corporation is not liable for failure to inform a customer as to economical methods of using the service furnished to him.

CASE, for negligence. Trial by the court. Verdict for the plaintiff. When the plaintiff applied to the defendant to connect his hotel with its wires he told the man he met in the office that he intended to use electricity for both lighting and heating and was told that if he was going to use much electricity for heating he would save money if he installed two meters. The plaintiff, however, installed but one meter and paid for the electricity he used at lighting rates. If he had installed a second meter the electricity he used for heating would have cost only about one fourth of what he paid for it. After operating in this way for some thirteen months, the plaintiff brought this suit, in which he seeks to recover the difference between what he paid for electricity used for heating and what he would have had to pay if he had installed a second meter.

Transferred by *Allen*, J., on the defendant's exception to the ruling that it was the defendant's duty to use reasonable means to give the plaintiff adequate information at the time he became a customer, and to the finding that it had failed to perform that duty.

*Sewall & Waldron*, for the plaintiff.

*Hughes & Doe (Mr. Hughes* orally), for the defendant.

YOUNG, J. As the ruling excepted to is understood, the court held that it is the duty of a public service corporation at the time a customer applies to it for service to use reasonable means to enable him to understand what he must do to use electricity economically.

Is that the law?

The duty and the only duty, in so far as the question we are considering is concerned, which the law imposes on a public service corporation in addition to those it imposes on an individual engaged in selling goods or services, is that prescribed by Laws 1911, c. 164, s. 7, in respect to making and publishing its rates and charges, and the court has found that the defendant had complied with the pro-

visions of that section at the time the plaintiff became one of its customers.

The test, therefore, to determine the validity of the defendant's exception is to inquire whether the common law makes it the duty of an individual to use reasonable means to inform his customers in respect to the economical way to use the goods they purchase; for the plaintiff's sole complaint is that the defendant failed to use such means to give him adequate information in respect to using electricity economically.

In other words the plaintiff does not contend that the defendant lied to him, or even that it attempted to deceive him. His sole complaint, as the case is understood, is that the defendant failed to use reasonable means to make him comprehend how great a saving he would make if he installed a second meter.

As we have seen, there is no statute or specific rule of the common law which imposes that duty on either an individual or a public service corporation. On the contrary it is common knowledge that those engaged in the business of selling standard goods are not accustomed to advise their customers as to the best way to use them.

In short, the court erred when it ruled that it is the duty of a public service corporation to use reasonable means to give its customers adequate information in respect to the economical way of using the electricity they purchase, for although it may be true that there has been a great change in the meaning of the maxim *caveat emptor* since *Chandelor* v. *Lopus*, 3 Croke 4, was decided, still *caveat venditor* is not the law if by it is intended anything more than that it is the seller's duty to do what the ordinary man would do in a similar situation.

If, however, it were assumed that it was the defendant's duty to use ordinary care to inform the plaintiff as to how he could purchase electricity most economically, the result would be the same, for all fair-minded men must agree that that is what the defendant did when it told him that if he used much electricity for heating he would save money by installing two meters, one for lighting and one for heating, even though it cost him forty dollars to install the second meter.

From all that appears there was nothing in the plaintiff's general appearance, except the fact that he was a Greek and spoke broken English, to differentiate him from the defendant's other customers; and there was no evidence tending to prove that Greeks are less intelligent or less capable of looking out for themselves than other

nationalities, and it is not common knowledge that that is the fact. There is no evidence, therefore, in any view of the law, tending to the conclusion that the defendant was in fault.

*Defendant's exception sustained: judgment for the defendant.*

ALLEN, J., did not sit: the others concurred.