# GRAINER v. NASHVILLE CORRUGATED BOX CO. (two cases).—255 S. W. (2d) 701.

Middle Section.    October 30, 1952.

Petition for Certiorari denied by Supreme Court, January 15, 1953.

Louis Ferguson, O. W. Hughes, both of Nashville, for plaintiff in error.

Maclin P. Davis, Jr., of Nashville, for defendant in error.

HOWELL, J. These two cases were tried together in the lower Court and have been appealed in error to this Court, where they were heard together.

The Nashville Corrugated Box Company sued Emmett Grainer for a balance due upon an account for shipping cartons amounting to $193.30, and Emmett Grainer sued the Box Company for damages for breach of contract in the sale and purchase of the cartons.

The cases were tried in the Circuit Court by the trial Judge without a jury and resulted in the case of Grainer against the Box Company being dismissed, and a judgment against Grainer in favor of the Box Company for $193.30, and the costs.

Grainer has appealed in error in both cases and has assigned errors.

It is insisted for the plaintiff in error that there is no evidence to support the judgments and that the Court erred in applying the law as to implied warranties.

The plaintiff in error states in his brief filed with the assignments as follows:

"The material facts in the cases are not disputed. The single question of law involved is: Did the Nashville Corrugated Box Company, as a matter of law, breach its contract with Emmett Grainer by failing or refusing to furnish him shipping cartons suitable for the purpose for which they were to be used."

330

The case was tried without a jury and the trial judge did not file any finding of facts. He dismissed Grainer's case and gave the Box Company a judgment in its case against Grainer.

The facts are that Grainer is an industrial engineer and he contracted with Eisele Manufacturing Co., makers of thermometers, to design and build for them 2,500 thermometer displays to be shipped to their customers and to furnish with each display a shipping carton which would carry the display in shipment. Grainer then bought from the Box Company 2,500 cartons in which to pack the displays for shipment after the Box Company furnished him a sample carton which he kept for several days before giving his order for the entire lot. He also showed the sample carton to Eisele & Company and testified that they said it was all right. He says further that it appeared all right to him and he gave the order. He further testified that later Eisele & Company informed him that the cartons were not carrying the displays safely. After some discussion with a representative of the Box Company, Grainer then purchased other cartons from another manufacturer. Grainer said further that the 2,500 cartons delivered to him were just like the sample that had been furnished him and that he did not tell the Box Company that the cartons were to be mailed, only that they were to be shipped.

No one from Eisele & Company testified in the case although in Nashville and available.

Mrs. Frances Grainer who works with her husband also testified in substance corroborating Mr. Grainer.

The salesman for the Box Company testified that he took the order for the cartons and later gave Grainer a sample carton, that Grainer said the carton was satisfactory and the Box Company then delivered the whole

lot of 2,500 cartons like the sample, and that he did not guarantee that the displays could be shipped in the cartons without being damaged.

We cannot say that the evidence preponderates against the judgment of the trial Court.

Section 7209 of the Code is as follows:

"Implied warranties in sale by sample.—In the case of a contract to sell or a sale by sample:

"(a) There is an implied warranty that the bulk correspond with the sample in quality.

"(b) There is an implied warranty that the buyer shall have a reasonable opportunity of comparing the bulk with the sample, except so far as otherwise provided in section 7240.

"(c) If the seller is a dealer in goods of that kind, there is an implied warranty that the goods shall be free from any defect rendering them unmerchantable which would not be apparent on reasonable examination of the sample."

In this case the sale was by sample, the bulk did correspond with the sample, the purchaser did compare the bulk with the sample and there were no apparent defects.

The syllabus of the old case of Goad v. Johnson, in 53 Tenn. 340, is as follows:

"When a chattel, after inspection by the buyer, is bought for a specific purpose known to the seller, and there is no fraud, the rule of caveat emptor strictly applies. There is in such case no implied warranty of fitness, and if the chattel perish or become unfit for use by reason of some latent defect equally unknown to both parties, the buyer must sustain the loss."

In the case of LeSueur v. Franklin Limestone Company, 14 Tenn. App. 67, this Court said:

"In order to set up an implied warranty it must appear, first, that the buyer made known to the seller the special purpose for which the material was to be used; and, second, that the buyer was justified in relying upon the seller's judgment. Mariash on Sales, sec. 120.

"There is no implied warranty where the seller states enough to put a man of ordinary intelligence upon notice. Pantebakos v. Rockingham County L[ight] & P[ower] Co. [81 N. H. 441], 128 A. 534 [38 A. L. R. 1063].

"'It is a general rule that no warranty as to quality or fitness for purpose will be implied when the defects in the article are known to the buyer, or he has knowledge of facts sufficient to put him on inquiry or charge him with notice.'"

We cannot say that there is any error in the order of the trial Court awarding a judgment against Grainer in favor of the Box Company or in dismissing the case of Grainer against the Box Company.

The assignments of error are overruled and the judgment of the trial court affirmed. The plaintiff in error, Emmett Grainer, will pay the costs in both cases.

Affirmed.

Felts and Hickerson, JJ., concur.